# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4541 | **DATE** | 8/3/2010 |
| **CASE TITLE** | KOLDOS vs. STANLEY MACHINING & TOOL CORP | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed in forma pauperis [4] is granted. Plaintiff's motion for appointment of counsel [5] is denied. This case is dismissed as time-barred for failure to file within 90 days of receipt of his right-to-sue letter.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff David John Koldos ("Koldos") moves the Court to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel. Koldos' Complaint alleges that his former employer, Stanley Machining & Tool Corporation, discriminated against him on the basis of his age, disability, national origin, and religion in violation of federal employment discrimination laws, failed to reasonably accommodate his religion and disabilities, and ultimately terminated him in order to replace him with a younger, non-disabled employee of a different national origin and religious background.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Koldos to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Koldos need not be penniless in order to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing life's necessities. *See id.* According to his financial affidavit, Koldos is unemployed, and has received $4,000 in unemployment benefits in the past twelve months. Koldos owns a home valued at $140,000 in which he has $9,000 in equity, and a vehicle worth $1,000 that he owns entirely. Additionally, a woman with whom he resides earned wages of $14,400 in the past twelve months, and has $1,000 in a savings account. Koldos has no significant debts or liabilities other than monthly child support payments in the amount of $919. Because Koldos appears to have no income other than minimal unemployment payments and has little equity in his home, his financial affidavit adequately sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Koldos' financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Koldos alleges that his former employer discriminated

## STATEMENT

against him based on age, disability, national origin, and religion. Although he states that he filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") and received a "right to sue" notice on April 8, 2010, he does not attach either the charge or the notice from the EEOC to his Complaint. Assuming that the information he has provided is correct, however, his Complaint was filed more than 90 days following his receipt of the EEOC notice. The Complaint was filed on July 21, 2010, which is 104 days after April 8, 2010. The Complaint is therefore time-barred and dismissed. *See* 42 U.S.C. § 2000e-5(f)(1); *Dandy v. United Parcel Serv*., 388 F.3d 263, 270 (7th Cir. 2004) (claims not filed within 90 days following receipt of right-to-sue letters "not properly before" the court).

Koldos has also filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Civil litigants in federal court do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). Whether to appoint counsel for a civil litigant is a matter left to the district court's discretion. *See Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). Since Koldos' claims are time-barred, he does not require the assistance of counsel in prosecuting this action and his Motion for Appointment of Counsel is denied.

For the reasons stated, Koldos' Motion to Proceed *In Forma Pauperis* is granted; however, his Complaint is dismissed as time-barred for failure to file within 90 days of receipt of his right-to-sue letter. Koldos' motion for appointment of counsel is denied.

1.